**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ULLYSSES PAUL CUEN,<br><br>            Petitioner - Appellant,<br><br>   v.<br><br>M.S. EVANS,<br><br>            Respondent - Appellee. | No. 08-16197<br><br>D.C. No. 3:05-cv-04569-JSW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted July 12, 2010
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District
Judge.[**]

Petitioner Ulysses Paul Cuen was convicted of arson in California Superior

Court. Before trial, the court held a hearing on Cuen's competency and concluded

he was indeed competent to stand trial. The California Court of Appeal affirmed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

the trial court's competency determination.  In a petition for the writ of habeas corpus, Cuen now claims that the California courts' competency determination was erroneous.  The district court denied Cuen's petition.  We affirm.

Whether Cuen was competent to stand trial is a factual question.  *See Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 891 (9th Cir. 2004).  Accordingly, we review whether the California courts' decision was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Moreover, the California courts' decision is "presumed to be correct[,]" and Cuen has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In *Indiana v. Edwards*, the Supreme Court recognized that two of its cases set forth the Constitution's mental competence standard.  128 S. Ct. 2379, 2383 (2008).  The first, *Dusky v. United States*, 362 U.S. 402 (1960), defines the competency standard as including both "(1) whether the defendant has a rational as well as factual understanding of the proceedings against him and (2) whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."  *Edwards*, 128 S. Ct. at 2383 (internal quotation marks and emphasis omitted).  The *Indiana* Court further recognized that *Drope v. Missouri*, 420 U.S. 162 (1975) "repeats that standard," stating that "it has long

been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Indiana*, 128 S. Ct. at 2383 (emphasis omitted).

Cuen does not dispute that he understood the nature and the object of the proceedings against him. Instead, he contends that he lacked the capacity to consult with counsel and assist in preparing his defense.

The California courts' finding that Cuen was capable of assisting his lawyer is not unreasonable. The State's witness, Douglas Harper, was a psychiatrist who had more experience than the defense witness, David Echeandia. Harper had also conducted more competency evaluations than Echeandia under California Penal Code sections 1368 and 1369. Further, although the experts came to different conclusions concerning Cuen's competency, Echeandia admitted that his assessment that Cuen was incompetent was a "close call." Harper, on the other hand, testified that he was "95 percent sure" of his judgment that Cuen was competent. He also testified that Cuen's past behavior indicated a pattern of not accepting responsibility for his actions. Although the California courts were faced with conflicting evidence, their decision to credit Harper's testimony was not "an

unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." *See* 28 U.S.C. § 2254(d)(2).

Cuen's remaining contentions are without merit.

**AFFIRMED.**